| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ANDREW CHARLES HOY, | : | CHAPTER 13 |
| Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | CASE NO.  1-25-bk-02939-HWV |
| Movant | : | |
| | : | |
| ANDREW CHARLES HOY, | : | |
| Respondent | | |

## TRUSTEE'S OBJECTION TO SECOND AMENDED CHAPTER 13 PLAN

AND NOW, this 15th day of June 2026, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor's Plan for the following reasons:

1.     Failure to properly state the liquidation value in Section 1B of the Plan.

2.     Debtor's Plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, Debtor has access to non-exempt equity in the following:

   a.  Residential real estate—The Trustee requests an appraisal of the Debtor's real estate if the Plan does not pay 100% to unsecured creditors. Schedule A lists a value of $150,000.00. Publicly available online resources, however, indicate that the value of the Debtor's real estate is between $220,000.00 and $260,000.00.

3.     Trustee avers that Debtor's Plan is not feasible based upon the following:

   a.  Insufficient Monthly Net Income as indicated on Schedules I and J.
   b.  The Plan is underfunded relative to claims to be paid.
   c.  The Plan proposes unrealistic and speculative step payments, contrary to § 1325(a)(6).
   d.  The Plan is ambiguous. The Plan should specify whether the Trustee is to pay any portion of the mortgage arrearage claim.

WHEREFORE, Trustee alleges and avers that Debtor's Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

a.  Deny confirmation of Debtor's Plan;
b.  Dismiss or convert Debtor's case; and
c.  Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY:  /s/ Douglas R Roeder
Attorney for Trustee

2

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 15th day of June 2026, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Kara K. Gendron
Mott & Gendron Law
125 State Street
Harrisburg, Pa 17101

/s/Tanya M. Scannelli
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee